UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL RICHMOND,

    Plaintiff,

CASE NO. 20-11978
CASE NO. 20-12327
HON. LAURIE J. MICHELSON

-vs-

OFFICER MICHAEL MOSLEY,
In his individual and representative capacity,
And the CITY OF DETROIT,
A municipal entity,

    Defendants.

---

| | |
|---|---|
| VEN R. JOHNSON (P39219) | PATRICK M. CUNNINGHAM |
| AYANNA D. HATCHETT (P70055) | (P67643) |
| Attorneys for Plaintiff | City of Detroit Law Department |
| 535 Griswold, Ste. 2632 | Attorneys for Defendants |
| Detroit, MI 48226 | 2 Woodward Avenue, Suite 500 |
| (313) 324-8300 | Detroit, MI 48226 |
| vjohnson@venjohnsonlaw.com | (313) 237-5032 |
| ahatchett@venjohnsonlaw.com | cunninghamp@detroitmi.gov |

## **RULE 26(f)(3) JOINT DISCOVERY PLAN**

1. **Related Cases:**

    a. **Plaintiff:** On July 23, 2020, Plaintiff filed his federal claims (Case No. 20-11978) before this court and separately filed his state claims in Wayne County Circuit Court. On August 27, 2020, Defendants

subsequently filed their notice in Wayne County Circuit Court to remove Plaintiff's state claims to federal court (Case No. 20-12327).

  b. **Defendants:** Case No. 20-11978 and Case No. 20-12327 both invoke federal question jurisdiction, arise out of the same incident, include the same parties and are so related that they form part of the same case or controversy.

2. **Jurisdiction:**

  a. **Plaintiff**: Currently, Plaintiff intends to file a Motion to Remand his state court claims (20-1237) back to Wayne County Circuit Court.

  b. **Defendants:** This Court's jurisdiction in Case No 20-11978 is based upon the existence of a federal question and is not being contested in this case. Paragraph 5 of Plaintiff's complaint in Case No. 20-12327 alleges claims under the United States Constitution and 42 U.S.C. § 1983. This court has original jurisdiction of Case No. 20-12327 under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.

3. **Venue:** The incident underlying Plaintiff's complaint transpired in the City of Detroit within the Eastern District of Michigan, and venue is not being contested.

4. **Factual Summary:**

  a. **Plaintiff's Claims:**

Defendant, Officer Michael Mosley ("Mosley") was an employed as a police officer with the Detroit Police Department (DPD). On March 15, 2019, Mosley falsified and swore to an affidavit in support of a search warrant that led to the plaintiff, Darrell Richmond ("Darrell") being unlawfully searched, seized, arrested, prosecuted, and incarcerated for "selling a controlled substance" and "second degree felony firearm." In the affidavit, Mosley falsely alleged that he had received information from a "confidential informant (CI) and that on prior occasions that CI had been "very reliable" and had led to the confiscation of narcotics, weapons and money in the past.  Subsequent investigation, conducted by the DPD and the Federal Bureau of Investigation (FBI), proved that the affidavit in support of the search warrant falsely alleged that the CI had been used on prior occasions and that the CI had no personal knowledge of Darrell .  In fact, it was only days before the search warrant was falsified and executed, that Mosley had threatened the CI to give up a name of a "drug dealer." Darrell pled and had already begun serving out his sentence of three to 20 years in prison when the Conviction Integrity Unit moved for and entered an Order to Vacate his conviction on March 24, 2020.

Thus, at no time did the defendants have probable cause for the search warrant and the execution of that warrant; nor did the defendants have probable cause for Darrell's arrest, prosecution, and imprisonment.

b. **Defendant's Defenses:**

Defendant Michael Mosley did not swear a false affidavit in support of the search warrant. This is the core factual issue in the case. There was probable cause to arrest Plaintiff. Defendant Michael Mosley did not influence or participate in the prosecution of Plaintiff. There was probable cause to prosecute Plaintiff. Plaintiff was not falsely arrested or imprisoned by Defendant Michael Mosley. Plaintiff was not maliciously prosecuted by Defendant Michael Mosley. Plaintiff was not denied due process by Defendant Michael Mosley. Defendant Michael Mosley did not fail to provide exculpatory evidence as alleged by Plaintiff. Defendant Michael Mosley did not deprive Plaintiff of any Constitutional right. No custom, policy or procedure of the City of Detroit resulted in a deprivation of Plaintiff's Constitutional rights. Defendant Michael Mosley was not grossly negligent. Plaintiff cannot prove any cause of action against Defendants.

5. **Legal/Factual Issues:**

   a. **Plaintiff:** Were Plaintiff's rights violated under 42 USC § 1983, 1985 and 1988, as well as the 4th, 8th and 14th Amendments of the United States Constitution?

      i. Was Plaintiff falsely arrested and falsely imprisoned by the defendants?

      ii. Was Plaintiff maliciously prosecuted by the defendants?

      iii. Did Detroit Police Officer—Michael Mosley--falsify search warrants, conduct illegal seizures, falsely arrest and falsely imprison Darrell Chancellor as a result of the customs, policy, practices and/or procedures of the City of Detroit, whether they be official or unofficial?

      iv. Was there a pattern within the Detroit Police Department of falsifying warrants, conducting illegal seizures, falsely arresting and falsely imprisoning members of the public as a result of the customs, policy, practices and/or procedures of the City of Detroit, whether they be official or unofficial?

   b. **Defendants:** Defendants anticipate a dispositive motion based on insufficient evidence to create a genuine issue of material fact, and/or qualified immunity.

6. **Amendment of Pleadings:**

    a. **Plaintiff:** Currently, whether Plaintiff needs to amend his Complaint will depend on the outcome of Plaintiff's anticipated Motion to Remand.

    b. **Defendants:** Defendants do not anticipate any amendments to their pleadings at this time. Defendants, however reserve the right to seek to amend their answer and or affirmative defenses as facts become known through discovery or as otherwise becomes necessary.

7. **Discovery:**

    a. **Plaintiff:**

        i. Plaintiff expects to pursue discovery on all the issues (as outlined by Plaintiff above) concerning liability and in support of each claim as enumerated here and in Plaintiff's Complaint. Discovery will therefore be conducted with the assistance of expert witnesses as well as through the issuance of subpoenas, Plaintiff's written discovery requests to the defendants and discovery depositions.

        ii. As this Court knows, Plaintiff has the burden of proving four federal counts, which largely arise from the considerably sweeping investigations into the conduct of multiple Detroit police officers (including Defendant Mosley) from approximately 2009 forward and the arrests, prosecutions, convictions, etc. that those officers

    may have impacted. These investigations have been performed by the Detroit Police Department as well as non-parties, like the FBI and the Wayne County Prosecutor's Office. Hence, Plaintiff's ability to focus his discovery will largely depend upon the extent to which Defendants are forthcoming with producing the written documents and/or recordings as requested as well as the level of responsiveness to Plaintiff's subpoenas and requests from relevant non-parties.

iii. Plaintiff's initial three key witnesses, to date, will likely include Officer Mosley, Officer Mosley's direct supervisor and a representative from Wayne County's Conviction Integrity Unit (CIU). Key documents to be initially produced includes—(a) the prosecutor's file for the relevant underlying criminal charges; (b) the complete DPD personnel file for Officer Mosley (including his disciplinary record; psychological evaluations; training certifications, etc.); the DPD's manuals and/or guidelines of the departments policies and procedures from 2009 through to the present and officer training manuals from 2009 through to the present; and the DPD's internal files, reports and/or findings created that resulted from the investigations of Defendant Mosley's

       conduct over the course of his employment with the DPD together with all other internal files, reports and/or findings maintained or created relevant to the subject search, arrest and conviction of Plaintiff Darrell Richmond.

  iv. To date, Plaintiff hasn't yet served or been served with discovery requests.

  v. Plaintiff anticipates being able to work cooperatively with the defendants to agree on an order of protection as needed.

b. **Defendants:**

  i. Defendants intend to conduct discovery from Plaintiff and other witnesses identified by Plaintiff who allegedly support his causes of action. Defendants intend to conduct discovery to identify all evidence that supports the existence of probable cause to arrest, charge and convict Plaintiff. Defendants intend to conduct discovery to identify any evidence relevant to the vacation of Plaintiff's conviction.

  ii. Defendants' discovery is proportional to the allegations made in the complaint since this discovery is related to factual support for Plaintiff's claims and his alleged damages.

    iii. Defendants' first key witness will be Plaintiff. The key documents that Plaintiff should produce are any evidence, including court transcripts, related to his conviction and/or the vacation of his conviction.

    iv. No document requests have been delivered at this time.

    v. At this time Defendants anticipate that the parties will be able to agree on the terms of a protective order and/or confidentiality order if such an order becomes necessary.

8. **Electronic Discovery:** The parties do not anticipate any difficulties with respect to electronic discovery. If necessary, the parties may rely on or modify the court's model order on ESI.

9. **Settlement:** Defendants do not agree to case evaluation, but are not opposed to a settlement conference with a magistrate or participation in private facilitation after a substantial amount of discovery has been completed. On the other hand, once discovery has been completed, Plaintiff has no objection to participating in case evaluation, private facilitation and a settlement conference with this Court.

10. **Consent:** The parties do not consent to jurisdiction of a U.S. Magistrate Judge.

11. **Trial:** This case will be tried before a jury, and the parties anticipate that it will take 1-2 weeks.

12. **Miscellaneous:** Nothing at this time.

    Approved as to form:

    */s/ Ayanna D. Hatchett*
    Ayanna D. Hatchett (P70055)
    Counsel for Plaintiff

    */s/ Patrick M. Cunningham*
    Patrick M. Cunningham (P67643)
    Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2020, I electronically filed the foregoing with the clerk of the Court using the ECF system which will send notification and a copy of this filing to the attorneys of record.


/s/ Patrick M. Cunningham