# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

DARRELL RICHMOND,

    Plaintiff,

v.

OFFICER MICHAEL MOSLEY in his
Individual and Representative Capacity,
and the CITY OF DETROIT,
a Municipal entity,

    Defendants.

Case No. 20- 11978
Case No. 20-12327

Hon. Laurie J. Michelson

_____

| | |
|---|---|
| VEN R. JOHNSON (P39219) | PATRICK CUNNINGHAM |
| AYANNA D. HATCHETT (P70055) | (P67643) |
| Counsel for Plaintiff | City of Detroit Law Department |
| The Buhl Building | 2 Woodward Ave., Suite 500 |
| 535 Griswold, Ste. 2632 | Detroit, MI 48226 |
| Detroit, MI 48226 | (313) 237.5032 |
| (313) 324.8300 | cunninghamp@detroitmi.gov |
| vjohnson@venjohnsonlaw.com | |
| ahatchett@venjohnsonlaw.com | |

## PLAINTIFF'S AMENDED COMPLAINT

NOW COMES Plaintiff, DARRELL RICHMOND, through his counsel, JOHNSON LAW, PLC and for his Complaint against the defendants states as follows:

1. At all times relevant to this lawsuit, Plaintiff, Darrell Richmond ("Darrell") was a resident of Detroit, in Wayne County, Michigan.

1

2. At all times relevant to this lawsuit, Defendant Officer Michael Mosley ("Mosley") was employed as a police officer with the Detroit Police Department.

3. At all times relevant to this lawsuit, Mosley acted under color of state law and is being sued in his individual and representative capacities.

4. At all times relevant to this lawsuit, Defendant City of Detroit ("The City") was a municipal corporation, duly organized in carrying on governmental functions in the City of Detroit, in Wayne County, Michigan.

5. The amount in controversy exceeds $75, 000.00 exclusive of costs, interest and attorney fees; and jurisdiction is otherwise conferred on this Court pursuant to the United States Constitution as well as 42 U.S.C. §1983.

6. Plaintiff relies on the jury demand that was originally filed with this Court.

## COMMON ALLEGATIONS

7. At all times relevant to this lawsuit, Mosley was a member of the Major Violators Unit ("MVU") in the police department for the City of Detroit.

8. On March 15, 2019, an affidavit in support of a search warrant was falsified and sworn to by Officer Mosley.

9. As a result of Mosley's swearing to the false affidavit, a search warrant was issued and executed on March 19, 2019 at a home on Warwick Street in Detroit where Darrell was inside.

10. During the execution of the warrant, quantities of marijuana and heroin were found along with a weapon and $768.00 in cash.

11. In the affidavit, Mosley falsely alleged that he had received information from a confidential informant (CI) and that on prior occasions that CI had been "very reliable" and had led to the confiscation of narcotics, weapons and money in the past.

12. Subsequent investigation conducted by the Detroit Police Department (DPD) and the Federal Bureau of Investigation (FBI) proved that the affidavit in support of the search warrant falsely alleged that the CI had been used on prior occasions.

13. In fact, the CI described by Mosley in the falsified affidavit used to support the search warrant had only interacted with Mosley once on March 12, 2019, just days before the subject search warrant was executed.

14. On that one occasion Mosley threatened the CI to give up a name of a "drug dealer."

15. As a result of being coerced by Mosley, the CI provided Darrell's name.

16. The CI had no personal knowledge of Darrell and relied on hearsay information from another source to provide a description to Mosley of Darrell and the home on Warwick.

17. Darrell was arrested and charged with (a) the delivery/manufacture of a controlled substance (50-449 grams); (b) deliver/manufacture of a controlled substance (less than 50 grams); (c) felon in possession of a firearm; and (d) three counts of felony firearm.

18. The false claims made and sworn to by Mosley in the search warrant affidavit directly led to the issuance of the search warrant, the raid of the home on Warwick Street, the seizure of the narcotics, weapon and cash, and to Darrell's subsequent prosecution.

19. On June 26, 2019 Darrell pled guilty to one count of delivery/manufacture of controlled substance (less than 50 grams) and one second degree felony firearm charge.

20. Darrell was sentenced on August 9, 2019 to serve a term of three to 20 years for the deliver/manufacture and five years on the felony firearm which was to be served consecutively.

21. The Conviction Integrity Unit (CIU), a division of the Wayne County Prosecutor's Office, became involved in Darrell's case as a result of an internal investigation by the DPD as well as a federal investigation into the department concerning allegations that multiple DPD officers, including Mosley, had participated in falsifying warrant affidavits, falsely accusing

4

citizens of drug crimes and stealing case, guns and narcotics found during search warrant executions.

22. On information and belief, at the time of Darrell's arrest, conviction and imprisonment, the City was aware of the existence of the federal investigation and that the DPD had begun its own investigation.

23. At the conclusion of their investigation, the CIU determined that the allegations contained in the search warrant affidavit were false.

24. An order to vacate Darrell's conviction was subsequently entered on March 24, 2020.

25. From the time of Darrell's false arrest that arose from Mosley's falsified search warrant and affidavit, until the time that his conviction was vacated, Darrell was incarcerated for seven months.

26. Because of Mosley and/or the City's negligent, grossly negligent and/or intentional misconduct, Darrell was unlawfully arrested, imprisoned, maliciously prosecuted and deprived of due process.

**COUNT I: FEDERAL CLAIM-- MUNICIPAL LIABILITY—CITY OF DETROIT**

27. Plaintiff reasserts and incorporates each of the allegations stated above.

28. At all times relevant to this lawsuit, Darrell had a right under the due process clause of the state and federal constitutions not to be deprived of his life, liberty, or property.

5

29. Mosley's acts of falsifying the affidavit in support of the operative search warrant and executing the search warrant that he accordingly knew lacked the requisite probable cause amounts to withholding exculpatory evidence and violated Darrell's fundamental constitutional rights under the 4th, 8th and 14th Amendments.

30. At all times relevant to this lawsuit, the City did have a custom or practice of corruption and misconduct within the narcotics' unit that gave rise to routinely falsifying affidavits to support search warrants, falsely accusing citizens of possessing and/or selling drugs, as well as unlawfully stealing and/or seizing property obtained from searches.

31. Those customs and practices of the City's Police Department were so pervasive that they underwent investigation by the department itself as well as by federal authorities.

32. At all times relevant to this lawsuit, the City did have a custom or practice within its Police Department of failing to adequately train and/or supervise its officers.

33. These failures to adequately train and/or supervise were evident by the years and years of officer corruption and misconduct that went unnoticed and undisciplined.

34. The City, by facilitating a custom and/or practice of corruption and misconduct as well as failing to adequately train and/or supervise acted as the "moving force" behind the deprivation of Darrell's constitutional rights.

35. There is a direct causal link between the customs and/or practices and the injuries that Darrell has suffered.

36. As a direct and proximate result of the City's customs and/or practices and Mosley's misconduct specifically, Darrell has suffered damages and will continue to suffer damages in the future, including but not limited to the following:

   a. Physical pain and suffering;
   b. Mental anguish;
   c. Fright and shock;
   d. Denial of social pleasure and enjoyments;
   e. Embarrassment, humiliation or mortification;
   f. Lost wages and/or earning capacity;
   g. The legal expense that Darrell incurred to defend against wrongfully prosecuted criminal charges; and
   h. All other damages learned through the course of discovery and up through the time of trial.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in his favor and against the defendants in an amount in excess of $75,000.00 and exclusive of costs, interest, and attorney fees.

### **COUNT II: FEDERAL CLAIMS-FALSE ARREST & FALSE IMPRISONMENT--MOSLEY**

37. Plaintiff reasserts and incorporates each of the allegations stated above.

38. Pursuant to 42 U.S.C. § 1983, as well as the 4th, 8th and/or 14th Amendments to the United States Constitution, individuals are protected from detention without legal process.

39. Darrell was falsely arrested and falsely imprisoned by Mosley.

40. Mosley intentionally and deliberately, or with a reckless disregard for the truth, made false statements, material misrepresentations and/or omissions in the search warrant and affidavit to establish probable cause for Darrell's arrest and imprisonment.

41. Probable cause for the search warrant would not have been found without Mosley's false statements, material misrepresentations and/or omissions.

42. The protection from detention without legal process is a clearly established constitutional right of which a reasonable person and/or officer would have known,.

43. Hence, Mosley's actions are objectively unreasonable considering this clearly established constitutional right.

44. As a direct and proximate result of Mosley's misconduct, Darrell has suffered damages, and will continue to suffer damages in the future, including, but not limited to:

    a.    Physical pain and suffering;
    b.    Mental anguish;
    c.    Fright and shock;
    d.    Denial of social pleasure and enjoyments;

8

  e. Embarrassment, humiliation or mortification;
  f. Lost wages and/or earning capacity;
  g. The legal expense incurred by Darrell to defend against the criminal charges prosecuted against him; and
  h. All other damages learned through the course of discovery and up to the time of trial.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in his favor and against the defendants in an amount in excess of $75,000.00 and exclusive of costs, interest, and attorney fees.

### COUNT III: FEDERAL CLAIM—MALICIOUS PROSECUTION—MOSLEY

45. Plaintiff reasserts and incorporates each of the allegations stated above.

46. Pursuant to 42 U.S.C. § 1983, as well as the 4th, 8th and/or 14th Amendments to the United States Constitution, individuals are protected from criminal prosecution without probable cause.

47. A criminal prosecution was initiated by Mosley against Darrell.

48. Mosley influenced and/or participated in the prosecution against Darrell when he intentionally and deliberately, or with a reckless disregard for the truth, made false statements, material misrepresentations and/or omissions in the search warrant and affidavit.

49. Mosley's false statements were material in establishing probable cause to prosecute Darrell.

50. Darrell suffered a deprivation of liberty as a consequence of the legal proceeding because he was imprisoned for over 8 years.

51. The criminal proceedings against Darrell were ultimately resolved in his favor when his conviction was subsequently vacated.

52. The protection from criminal prosecution without probable cause is a clearly established constitutional right of which a reasonable person would have known.

53. Mosley's actions were objectively unreasonable considering this clearly established constitutional right.

54. As a direct and proximate result of Mosley's misconduct, Darrell has suffered, and will continue to suffer damages in the future, including, but not limited to:

   a. Physical pain and suffering;
   b. Mental anguish;
   c. Fright and shock;
   d. Denial of social pleasure and enjoyments;
   e. Embarrassment, humiliation or mortification;
   f. Lost wages and/or earning capacity;
   g. The legal expense that Darrell incurred to defend against wrongfully prosecuted criminal charges; and
   h. All other damages learned through the course of discovery and up through the time of trial.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in his favor and against the defendants in an amount in excess of $75, 000.00 and exclusive of costs, interest, and attorney fees.

## COUNT IV: FEDERAL CLAIMS—DENIAL OF DUE PROCESS—MOSLEY

55. Plaintiff reasserts and incorporates each of the allegations stated above.

56. Darrell had a right under the due process clause in the federal constitution, as well as the due process clause in Michigan's constitution, not to be deprived of his life, liberty, or property.

57. At all times relevant to this lawsuit, Mosley was a state actor and his conduct was subject to 42 U.S.C. §§ 1983, 1985, and 1988.

58. The search warrant and affidavit that Mosley falsified and/or his failure to disclose that he falsified the search warrant and affidavit violated Darrell's right to due process.

59. Mosley willfully or inadvertently falsified the search warrant and affidavit and/or failed to disclose that he falsified the search warrant and affidavit.

60. Probable cause could not have been established without Mosley's falsified statements in the search warrant and affidavit and/or without his failure to disclose that he falsified statements in the search warrant and affidavit.

61. As a result of Mosley's falsified statements in the search warrant and affidavit and/or Mosley's failure to disclose that he falsified statements in the search warrant and affidavit, Darrell was prejudiced.

62. Mosley's knowledge that the statements he provided to establish probable cause for the search warrant and affidavit were false was exculpatory.

63. Despite having this exculpatory evidence, Mosley never produced this evidence to the prosecution or defense counsel in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

64. The right to due process is a clearly established constitutional right of which a reasonable person would have known.

65. Mosley's actions were objectively unreasonable considering this clearly established constitutional right.

66. As a direct and proximate result of Mosley's misconduct, Darrell has suffered damages and will continue to suffer damages in the future, including, but not limited to:

   a. Physical pain and suffering;
   b. Mental anguish;
   c. Fright and shock;
   d. Denial of social pleasure and enjoyments;
   e. Embarrassment, humiliation or mortification;
   f. Lost wages and/or earning capacity;
   g. The legal expense that Darrell incurred to defend against wrongfully prosecuted criminal charges; and
   h. All other damages learned through the course of discovery and up through the time of trial.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in his favor and against the defendants in an amount in excess of $75,000.00 and exclusive of costs, interest, and attorney fees.

## COUNT V:  STATE CLAIM—FALSE ARREST--MOSLEY

67. Plaintiff reasserts and incorporates each of the allegations stated above.

68. Darrell was arrested.

69. Darrell was aware of the arrest and it was against his will.

70. Mosley knew that the search warrant and affidavit that Darrell's arrest was premised upon was not based on true and accurate information and thus did not provide probable cause for Darrell's arrest.

71. Mosley knew that he had falsified statements in the affidavit to support the search warrant which led to an unlawful search and seizure of the property found at the Warwick home, which ultimately led to Darrell's unlawful arrest.

72. As the direct and proximate result of Mosley's misconduct, Darrell suffered, and will continue to suffer, damages in the future, including, but not limited to:

   a. Physical pain and suffering;
   b. Mental anguish;
   c. Fright and shock;
   d. Denial of social pleasure and enjoyments;
   e. Embarrassment, humiliation or mortification;
   f. Lost wages and/or earning capacity;
   g. The legal expense incurred by Darrell to defend against fraudulent criminal   charges; and
   h. All other damages learned through the course of discovery and up to the time of trial.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in his favor and against the defendants in an amount in excess of $25,000.00 and exclusive of costs, interest, and attorney fees.

### COUNT VI: STATE CLAIM—MALICIOUS PROSECUTION—MOSLEY

73. Plaintiff reasserts and incorporates each of the allegations stated above.

74. Mosley instituted and initiated the allegations of criminal activity against Darrell without probable cause and with malice or a with primary purpose other than bringing about justice through the proper adjudication of the claim upon which the proceedings are based.

75. Darrell's criminal conviction was ultimately vacated in his favor.

76. As the direct and proximate result of Mosley's misconduct, Darrell has suffered damages and will continue to suffer damages in the future, including but not limited to:

    a. Mental anguish;
    b. Embarrassment, humiliation or mortification;
    c. Denial of social pleasure and enjoyment; and
    d. All other damages learned through the course of discovery and up through time of trial.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in his favor and against the defendants in an amount in excess of $25,000.00 and exclusive of costs, interest, and attorney fees.

## COUNT VII:  STATE CLAIM—FALSE IMPRISONMENT--MOSLEY

77. Plaintiff reasserts and incorporates each of the allegations stated above.

78. Darrell was imprisoned by Mosley when he was arrested without lawfully established probable cause and thus deprived of his personal liberty and freedom of movement.

79. Such imprisonment was against Darrell's will.

80. Mosley accomplished the imprisonment by actual physical force.

81. Mosley intended to deprive Darrell of his personal liberty or freedom of movement.

82. Such imprisonment was unlawful because the arrest was made without probable cause.

83. The prosecution against Darrell was caused by Mosley.

84. A post-conviction proceeding vacated Darrell's underlying conviction for possession which in turn released Darrell from serving further time in prison.

85. There was no probable cause for initiating or continuing the proceeding.

86. The initiation or continuation of the proceeding was done with malice or a primary purpose other than that of bringing the offender to justice.

87. As the direct and proximate result of misconduct by Mosley, Darrell suffered, and will continue to suffer, damages in the future, including, but not limited to:

   a. Physical pain and suffering;
   b. Mental anguish;
   c. Fright and shock;
   d. Denial of social pleasure and enjoyments;
   e. Embarrassment, humiliation or mortification;
   f. Lost wages and/or earning capacity;
   g. The legal expense that Darrell incurred to defend against fraudulent criminal charges; and
   h. All other damages learned through the course of discovery and up through the time of trial.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in his favor and against the defendants in an amount in excess of $25,000.00 and exclusive of costs, interest, and attorney fees.

## COUNT VIII: STATE CLAIM—GROSS NEGLIGENCE—MOSLEY

88. Plaintiff reasserts and incorporates each of the allegations stated above.

89. Mosley had a duty to the general public and in particular to Darrell, to refrain from grossly negligent conduct.

90. Mosley breached that duty and was grossly negligent, or was so reckless as to demonstrate a substantial lack of concern for whether an injury would result when he knowingly falsified the contents of the affidavit that supported the search warrant and knowingly executed the search warrant that he knew lacked probable cause.

91. By knowingly falsifying the contents of the affidavit and knowingly executing a search that he knew lacked probable cause, Mosley withheld exculpatory evidence.

92. Mosley's gross negligence was the one most immediate, efficient, and direct cause of the injury or damage, e.g., the proximate cause, of Darrell's damages and injuries, including but not limited to:

   a. False arrest for a crime he did not commit;
   b. False imprisonment for a crime he did not commit;
   d. Physical pain and suffering;
   e. Mental anguish;
   f. Fright and shock;
   g. Denial of social pleasure and enjoyment;
   h. Embarrassment, humiliation or mortification;
   i. Lost wages and/or earning capacity; and
   j. All other damages learned through the course of discovery.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in his favor and against the defendants in an amount in excess of $25, 000.00 and exclusive of costs, interest, and attorney fees.

    Respectfully submitted,

    **JOHNSON LAW, PLC.**

    By: */s/ Ayanna D. Hatchett*
    AYANNA D. HATCHETT (P70055)
    VEN R. JOHNSON (P39
    Counsel for Plaintiff
    The Buhl Building
    535 Griswold, Ste. 2632
    Detroit, MI 48226

Dated: September 23, 2020    (313) 324.8300